■ JOHN L. WILSON, Respondent, v. STATE OF NEW YORK et al., Respondents, and IRVING L. HEATH, Appellant.— Appeal from an order of Special Term, Supreme Court, Broome County. Plaintiff Wilson on February 2, 1951, filed a notice of lien in the office of the State Comptroller against the amount due from the State to defendant Heath on a contract for a public improvement. On April 28 the contractor served on the lienor a notice to commence an action to foreclose the lien by May 30, or in the event of his "failure to commence such action" that he "appear at a Special Term" of the court on June 1 at Binghamton and "show cause why an order should not be made" discharging the lien. (Lien Law, § 21-a.) There is proof that an action to foreclose the lien was commenced May 31 by serving the State as one of the defendants; and a notice of pendency was filed with the Comptroller on the same day. There is no proof that the contractor appeared at the Special Term of June 1; or that the motion was called or that any proceedings were taken on the return day. Two months later, the contractor submitted to the court at Special Term an order discharging the lien on an affidavit sworn to August 1 showing the service of the notice to commence an action or show cause why the lien should not be vacated; and stating that "no action has been commenced", and that, therefore, application was being made for cancellation of the lien. On this affidavit an order was entered at the August 2 Special Term canceling the lien. The Special Term has vacated this order on application of the lienor, and the contractor-defendant appeals. We think the order should have been vacated for several irregularities: (a) there is no proof that the contractor appeared

and that the lienor did not appear on the return day of the notice to show cause why the lien should not be vacated; (b) an action had actually been commenced by the service on the State, one of the necessary parties, and by the filing of a *lis pendens* in the proper public office before the return day of the application; and the court was not advised of this at the time the order was submitted discharging the lien; (c) the application to discharge must be made at a Special Term within the judicial district embracing the county "wherein the notice of lien is filed". (Lien Law, § 21-a.) For these reasons the Special Term was justified in its decision to vacate the order discharging the lien. Order unanimously affirmed, with $10 costs. Present — Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ.